**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.:**

ANGEL MALDONADO, on behalf of himself
and all similarly situated,

    Plaintiff,

Vs.

"B" ING THE BEST, INC., a Florida corporation,
WADES WINNERS, INC., a Florida corporation, and
CARLTON A.R. WADE, a/k/a Ricky Wade, individually,

    Defendants.
_____/

## COMPLAINT

Plaintiff, ANGEL MALDONADO, ("MALDONADO"), by and through his undersigned counsel, files this Complaint against Defendants, "B" ING THE BEST, INC., a Florida corporation, ("BTBI"), WADES WINNERS, INC., a Florida corporation, ("WWI"), and CARLTON A.R. WADE, a/k/a Ricky Wade, ("WADE"), individually, and states as follows:

### INTRODUCTION

1. This is a proceeding against BTBI, WWI and WADE for monetary damages to redress the deprivation of rights secured to Plaintiff, MALDONADO, under the maximum hour provision of Section 7 of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 et seq. ("FLSA"). Plaintiff seeks conditional certification, damages, a declaration of rights, and permanent injunctive relief for himself and all class members.

1

## JURISDICTION

2. The jurisdiction of the Court over this controversy is based on 29 U.S.C. §216(b) and 28 U.S.C. § 1331.

## VENUE

3. The venue of this Court over this controversy is based on the following:

   a. The unlawful employment practice alleged below occurred and/or were committed within Palm Beach County, Florida;

   b. Defendant, BTBI, was and continues to be a Florida corporation doing business within the Southern District of Florida;

   c. Defendant, WWI, was and continues to be a Florida corporation doing business within the Southern District of Florida; and

   d. Upon information and belief, the individual Defendant, WADE, reside in Palm Beach County Florida.

## PARTIES

4. At all times material hereto, Plaintiff, MALDONADO, was and continues to be a resident of Palm Beach County, Florida.

5. At all times material hereto, Plaintiff, MALDONADO was an "employee" within the meaning of the FLSA.

6. At all times material hereto, Plaintiff was "engaged in commerce" within the meaning of the FLSA.

7. At all times material hereto, Defendants, BTBI and WWI, were and continue to be a corporations organized under the laws of the State of Florida engaged in operating approximately 25 McDonald's franchises in Palm Beach and Martin Counties.

8. At all times material hereto, Defendant, WADE, was and continues to be the President/Director of Defendants, BTBI and WWI, with day-to-day operational control and authority over the companies and their employees.

9. At all times material hereto, Defendants, WWI and BTBI, were and continue to be joint employers wherein BTBI operates the franchise locations and WWI was utilized for the processing of payroll and other benefits relating to BTBI's staff.

10. At all times material hereto, Defendants, BTBI and WWI, principal address were located at 1351 S. Killian Dr., Suite 1, Lake Park, Florida 33403, within the Southern District of Florida.

11. At all times material hereto, Defendants, BTBI and WWI, were employers authorized to do business and doing business in Florida.

12. Further, at all times relevant Defendants, BTBI and WWI, were "employer[s]" with the meaning of § 3(d) of the FLSA, 29 U.S.C. §203(d).

13. At all times material hereto, Defendants, BTBI and WWI, regularly owned and operated a business engaged in commerce as defined in § 3(r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and § 203(s).

14. At all times material hereto, Plaintiff, MALDONADO was "engaged in commerce" within the meaning of the FLSA.

15. At all times material hereto, Defendant, BTBI, was, and continues to be, an "enterprise engaged in commerce" within the meaning of FLSA.

16. At all times material hereto, annual gross revenue of Defendant, BTBI, was in excess of $ 500,000.00 per annum during the relevant time periods.

17. At all times material hereto, Defendants, BTBI and WWI, who operate multiple McDonald's franchise restaurants in the Southern District of Florida, would receive goods, supplies, machinery, inventory, and other items via the stream of interstate commerce, primarily from warehouses owned and operated by their franchisor, McDonald's Corporation.

18. At all times material hereto, the items used by the Defendants, BTBI and WWI, for the operation of their business travelled in interstate commerce.

19. At all times material hereto, the work performed by the Plaintiff was directly essential to the business performed by Defendants.

20. At all times material hereto, Defendant, WADE, was an officer of both Defendants, BTBI and WWI, who controlled how Plaintiff was compensated and the overall operations of the companies, and is therefore an employer within the meaning of the FLSA.

## STATEMENT OF FACTS

21. Prior to his hire by Defendants, Plaintiff lived in Las Vegas, Nevada. In or about July or August of 2017, the Defendant, WADE, acting as an agent for the corporate Defendants, offered Plaintiff with a position as a maintenance and repairman for the Defendants' restaurants in Palm Beach and Martin County. Plaintiff advised that he would only accept the job if the Defendants agreed to not only pay for his moving expenses, but only if Defendants agreed to compensate Plaintiff at a rate equal to or greater than the rate

of pay he was receiving in Nevada, which at the time was approximately $ 880.00 per week.

22. The Defendants agreed to these terms and hired Plaintiff to work at their Florida locations to begin on or about August 21, 2017.

23. However, despite Defendants' representations, when Plaintiff arrived in Florida after having relocated from Nevada, the Defendants changed the terms of the deal and now required Plaintiff, as a condition of employment, to execute an agreement that he needed to remain with the company for two years or he would have to repay the $ 2,185.00 in moving expenses that the Defendants paid in relocating the Plaintiff to Florida.

24. As Plaintiff was not caught between the quintessential rock and a hard place, he signed the agreement again with the understanding that he would be receiving a weekly compensation commensurate with the $ 880.00 he was earning in Nevada.

25. Instead, Plaintiff was paid $807.69 per week based on a 45 hour week and as part of his job, he was now required to use his own vehicle to make the runs between the Defendants' restaurants when Defendants had originally represented to him that he would be provided with a company vehicle. So not only was Plaintiff paid less than what he was promised, he also incurred wear and tear on his vehicle and had to pay for additional gasoline expenses for the benefit of the Defendants.

26. After a three months, the Defendants did begin to provide some gas money to the Plaintiff and ultimately did provide him with a company vehicle, but to add further insult to injury, the Defendants intentionally classified the Plaintiff as an exempt employee and would not pay him overtime for all hours worked in excess of forty.

27. At all times material hereto, Plaintiff performed manual labor such as fixing refrigeration units, fryers, grills, and performing electrical work. He did not supervise any employees and he did not have any authority consistent with the indicia of an exempt supervisory employee as set forth in the Department of Labor Regulations.

28. During the approximately 26 weeks that Plaintiff worked for the Defendants, he worked between 5-6 days per week, averaging 10.5 to 12 hours per day. He would typically start at 08:30 a.m. at the Lantana and Jog Road location in Lake Worth and would perform maintenance and repairs at the various stores throughout the day returning back to the Lake Worth location on average between 7:30 and 8:00 p.m. Plaintiff was also not provided any interrupted break time and as was typical for him and other maintenance workers, they ate while on the road between restaurant locations.

29. Plaintiff's pay checks reflected that he was paid a fixed salary of $ 1,615.38 every two-weeks based on 90 hours. Pursuant to the pertinent Department of Labor Regulations, this equates to an effective hourly rate of $ 17.94 per hour ($ 1,615.38 / 90).

30. During the relevant time period, Plaintiff was not compensated at the rate of time and one-half for all hours worked in excess of forty or for any hours worked in excess of 45. As a result, Plaintiff, and all similarly situated, are owed an additional half-time premium for all hours worked between 40 and 45, and they are owed an additional time and one-half premium for all hours worked in excess of 45.

31. At all times material hereto, the Defendants did not maintain contemporaneous time records of the maintenance men, including Plaintiff, as required by section 11 of the FLSA. Instead, the Plaintiff, and all others similarly situated, would text the supervisor when they arrived at work and would text the supervisor when they finished

for the day. Notwithstanding this, they were only paid for 45 hours per week and their paychecks did not reflect the actual number of hours worked.

32. During the approximately 26 weeks that the Plaintiff worked for the Defendants, upon information and belief, 13 of those weeks he worked five days a week and the other 13 weeks he worked six days per week. For those weeks that the Plaintiff worked 5 days per week, he averaged 15.0 hours of overtime per week. For the remaining 13 weeks that he worked 6 days per week, he averaged 26 hours of overtime per week.

33. During the course of Plaintiff, MALDONADO's employment, Defendants violated the federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 207, 216(b), by not paying Plaintiff, MALDONADO or other similarly situated employees overtime for all hours worked in excess of forty.

34. Because of the long hours that Plaintiff was required to work without receiving overtime and because of the misrepresentations by the Defendants of what his compensation would be along with the non-payment of overtime, Plaintiff resigned in March of 2018.

35. Shortly after his last day, the Defendants began to request that the Plaintiff reimburse the Defendants for the moving expenses notwithstanding Wade's material misrepresentations regarding (a) the amount of pay while employed in Florida; (b) the non-reimbursement of automobile expenses that Plaintiff incurred during the first few months of his employment which unjustly enriched the Defendants; and (c) the long hours Plaintiff work without receiving any overtime compensation.

36. During the relevant time period, August of 2017 through March of 2018, upon information and belief, Plaintiff is owed the following for unpaid overtime:[1]

<u>5 Day Weeks x 11 hours per Day</u>

13 weeks x $ 17.94 per hour x 5.0 overtime hours x .50   = $   583.05
13 weeks x $ 17.94 per hour x 10.0 overtime hours x 1.50 = $ 3,498.30

<u>6 Day Weeks x 11 hours per Day</u>

13 weeks x $ 17.94 per hour x 5 overtime hours x .50    = $   583.05
<u>13 weeks x $ 17.94 per hour x 21 overtime hours x 1.5   = $ 7,346.43</u>
Total Overtime Pay:                                     = $12,010.83
<u>Liquidated Damages:                                       $12,010.83</u>
Total Damages:                                          **<u>$24, 021.66</u>**

37. Defendants have violated and continue to violate Title 29 U.S.C. § 207 in that Plaintiff, and all similarly situated employees who worked in excess of the maximum hours provided by the FLSA were not paid at a rate of time and one-half the hourly rate for all overtime hours worked, in excess of 40 hours per pay period.

38. Notwithstanding the fact that Defendants had knowledge regarding their obligation to pay the Plaintiff overtime compensation, Defendants willfully continued to violate Title 29 U.S.C. § 207, by failing to properly pay overtime compensation.

39. Such continuing conduct by the Defendants evidences a willful decision by the Defendants and their agents to violate the overtime provisions of the FLSA. At no time

---

[1] This information is based on the best of Plaintiff's recollection and is at best an approximation. Should the Defendants produce documents which accurately reflect the hours worked by Plaintiff, and all similarly situated employees, upon receipt of these materials from the Defendants, Plaintiff will adjust these calculations as appropriate. If Defendants have failed to maintain any of these records, then Plaintiff will rely on these figures under the standards set forth in *Anderson v. Mt. Clemens* Pottery Co., 328 U.S. 680 (1946).

did the Defendants have reasonable grounds for believing that their acts and/or omissions were not a violation of the FLSA.

40. Plaintiff has retained the Law Firm of Michael A. Pancier, P.A., to represent him and has agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

## VIOLATION OF 29 U.S.C. §§ 207
## OVERTIME COMPENSATION

41. Plaintiff, MALDONADO, realleges and reavers paragraphs 1 through 40 of this Complaint as if fully set forth herein.

42. Plaintiff, MALDONADO, was entitled to be paid at the rate of time and one-half of his hourly rate for the hours that he worked in excess of the maximum hours provided for in the FLSA.

43. Due to intentional, willful, and unlawful acts of Defendants, BTBI, WWI and WADE, Plaintiff, MALDONADO, has suffered damages in lost compensation for the time he worked over forty (40) hours per week without receiving overtime compensation, plus liquidated damages.

44. Plaintiff worked an average of 11.0 hours per day 5 or 6 days per week during the 26 week period he worked for the Defendants.

45. Plaintiff is therefore owed a total of $12,010.83 in unpaid overtime plus an equal amount as liquidated damages or **$24, 021.66.**

46. Plaintiff, MALDONADO, is entitled to an award of his reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

9

**WHEREFORE,** Plaintiff, MALDONADO, respectfully request that judgment be entered in his favor against Defendants, BTBI, WWI and WADE, jointly and severally after trial by jury as follows:

a. Certifying the instant suit as an opt-in class action pursuant to 29 U.S.C. § 216(b) for all similarly situated non-exempt employees who elect to join these proceedings;

b. That the named Plaintiff and all class members who opt in recover compensatory damages and an equal amount of liquidated damages as provided under the law pursuant to 29 U.S.C. § 216(b);

c. Declaring, pursuant to 28 U.S.C. §2201 and 2202, that the acts and practices complained of herein are in violation of the maximum hour provisions of the FLSA;

d. That the Defendants be Ordered to make the Plaintiff and all class members who opt-in whole by providing appropriate overtime pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

e. Awarding the Plaintiff reasonable attorneys' fees, costs, and expenses of this litigation pursuant to 29 U.S.C. § 216(b);

a. Awarding Plaintiff post judgment interest (and prejudgment interest in the event that liquidated damages are not awarded), and;

b. Ordering any other relief that this Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury.

Dated: March 20, 2018

        Respectfully submitted,

        Law Offices of Michael A. Pancier, P.A.,
        **Attorneys for Plaintiff**
        9000 Sheridan Street, Suite 93
        Pembroke Pines, FL 33024
        TEL: (954) 862-2217
        FAX: (954) 862-2287


          /s/ Michael A. Pancier, Esq.
        Michael A. Pancier, Esq.
        Fla. Bar No. 958484

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.:

ANGEL MALDONADO, on behalf of himself
and all similarly situated,

    Plaintiff,

Vs.

"B" ING THE BEST, INC., a Florida corporation,
WADES WINNERS, INC., a Florida corporation, and
CARLTON A.R. WADE, a/k/a Ricky Wade, individually,

    Defendants.

_____/

**CONSENT TO BECOME A PARTY PLAINTIFF**

I, ANGEL MALDONADO, hereby consent to become the party plaintiff in the above styled lawsuit.

Dated: March 13, 2018

Signature: _____
Angel Maldonado